1  **Brian W. Birnie, SBN 89202 -** <u>BBirnie@ljdfa.com</u>
2  **Bradley McGirr, SBN 123381 –** <u>Bmcgirr@ljdfa.com</u>
   **LA FOLLETTE, JOHNSON, DeHAAS,**
3  **FESLER & AMES**
   **2677 North Main Street, Suite 901**
4  **Santa Ana, California 92705-6632**
   **Telephone (714) 558-7008 • Facsimile (714) 972-0379**
5

6  Attorneys for Defendant GARFIELD BEACH CVS, L.L.C.
   erroneously sued as CVS Pharmacy, Inc.

# UNITED STATES DISTRICT COURT

## CENTAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISON

| | |
|---|---|
| RUTH GEARING, <br><br>    Plaintiff, <br><br> vs. <br><br> CVS PHARMACY, INC., A Rhode Island Corporation; AND DOES 1 THROUGH 10, INCLUSIVE, <br><br>    Defendants. | CASE NO.: 8:19-CV-778 <br><br> [Removal from Superior Court of California, Orange County, Case No. 30-2019-01059332-CU-PO-CJC] <br><br> **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446** <br><br> [Filed concurrently with Civil Cover Sheet, Notice of Financial Interest, Declaration of Brian W. Birnie, Declaration of Melanie Luker and Exhibits] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION:**

**PLEASE TAKE NOTICE** that Defendant GARFIELD BEACH CVS, L.L.C. erroneously sued as CVS Pharmacy, Inc. (hereinafter "Defendant"), hereby removes the state court action described below to this the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446. Defendant provides the following "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

- 1 -
**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

## I. THE STATE COURT ACTION

1. On March 22, 2019, Plaintiff Ruth Gearing filed a Complaint entitled *Ruth Gearing v. CVS Pharmacy, Inc.; and Does 1 through 10.* Case No. 30-2019-01059332-CU-PO-CJC in the Superior Court of the State of California, County of Orange. A true and correct copy of the Summons and Complaint is attached as Exhibit A to the Declaration of Brian W. Birnie filed in conjunction with this Notice. The allegations of the Complaint are incorporated herein by reference without necessarily admitting the truth of any of them.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

2. On March 29, 2019, Plaintiff served the Summons and Complaint on CVS Pharmacy, Inc. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers, including the Summons and Complaint, the copy of legal process received by statutory agent, and Plaintiff's Motion for Trial Preference, served on Defendant are attached hereto as Exhibit B. Based on the allegations in the Complaint, discussed below, the CVS Store at issue in Plaintiff's Complaint, identified as CVS Pharmacy, Inc., located at 25272 Marguerite Parkway, Mission Viejo, CA 92692, is a limited liability company organized under the laws of the state of California, whose sole member is CVS Pharmacy, Inc., a Rhode Island Corporation. See Declaration of Brian W. Birnie, Declaration of Melanie Luker, and Exhibits C and D.

3. Removal is timely. Defendant has removed this action within 30 days after receipt of a copy of the Complaint, pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. Plaintiff filed the state court action in the Superior Court of the State of California, County of Orange. Venue therefore properly lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a).

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court

of the State of California, County of Orange.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(A) AND 1441(A)-(B).

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b) because the action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Parties Are Diverse.

7. Diversity between the Plaintiff and the properly named and joined Defendant existed at the time the Complaint was filed and continues to exist as of this removal.

8. Plaintiff Ruth Gearing alleges that "on or about March 1, 2019, Plaintiff was injured at CVS Pharmacy located at 25272 Marguerite Parkway, Mission Viejo, California 92692, when the "Exit" door of the premises flew open, into an elderly customer walking up to the door, smashing into him and causing him to fall back into Plaintiff, causing her to fall violently onto the ground, striking her right knee and right side, cracking one of her ribs. Complaint, Exhibit A, pp. 4." As represented in Plaintiff's Complaint, Plaintiff is a resident of Orange County. Complaint, Exhibit A, pp. 2. Plaintiff's Complaint alleges that she was injured at CVS Pharmacy located at 25272 Marguerite Parkway, Mission Viejo, located in Orange, California. Complaint, Exhibit A, pp. 4. Based on this information, Defendant believes that at the time Plaintiff filed her Complaint, Plaintiff was and remains a citizen of California.

9. Defendant in this action is now, and was at the time Plaintiff filed this Complaint, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1).

10. Garfield Beach CVS, L.L.C., is now, and was at the time Plaintiff filed her Complaint, a limited liability company organized under the laws of the State of California. See Luker Declaration ¶ 2, and Exhibit D. Under 28 U.S.C. § 1332(a). However, a limited liability company is a citizen of the same state or states as its owners/members. *Johnson*

1  *v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In this case,
2  Garfield Beach CVS, L.L.C., has a sole member – CVS Pharmacy, Inc., a Rhode Island
3  corporation whose principal place of business and headquarters are in Rhode Island. See
4  Luker Declaration ¶¶ 1-2, and Exhibits C and D. Birnie Decl. ¶¶ 4-5. As outlined above,
5  CVS Pharmacy, Inc. is a citizen of the State of Rhode Island. Therefore, Garfield Beach
6  CVS, L.L.C., is also a citizen of the State of Rhode Island, and not a citizen of the State
7  of California, per 28 U.S.C. § 1329(a).

8      11. In determining whether a civil action is properly removable on the basis of
9  diversity jurisdiction under 28 U.S.C. § 1332(a), courts disregard the citizenship of
10 defendant sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does
11 1 through 10" named in the Complaint is therefore immaterial with respect to removal.

12     12. Because Plaintiff is, and was at the time she filed the Complaint, a citizen of
13 California; because Garfield Beach CVS, L.L.C., is, and was at the time Plaintiff filed the
14 Complaint, a citizen of Rhode Island; diversity of citizenship exists between the parties,
15 and it existed at the time the Complaint was filed.

**B.    The Amount In Controversy Exceeds $75,000.**

17     13. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an
18 amount in controversy if a court finds, by the preponderance of the evidence, that the
19 amount in controversy exceeds $75,000.

20     14. A removing Defendant need only show that the amount in controversy "more
21 likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental
22 Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not
23 specified in the complaint, the court may consider the facts alleged in the complaint as
24 well as in the notice of removal. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d
25 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal.
26 2002).

27     15. To ascertain the amount in controversy, a district court takes into account
28 claims for general damages, pain and suffering, out-of-pocket loss, emotional distress,

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

punitive damages and attorney's fees. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

16. It is thus facially apparent from the Complaint that Plaintiff's claims exceed $75,000 as plaintiff alleges "significant injuries" in addition to economic losses as a result of Defendant's purported negligence. See *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy found to exceed the jurisdictional threshold because complaint alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization."); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that the Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal"). As in Luckett, because Ms. Gearing has alleged non-economic and economic damages relative to injuries, this Court can and should use its "judicial experience and common sense" in determining that it is facially apparent from the Complaint that Plaintiff's claims exceed $75,000. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("A district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint... establishes the jurisdictional amount").

17. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to them under state or federal law. Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Garfield Beach CVS, L.L.C., respectfully requests that the action pending in the Superior Court for the State of California, County of Orange, be

1 | removed in its entirety to this Court.

Dated: April 29, 2019

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

By: *//s// Brian W. Birnie*
BRIAN W. BIRNIE
Attorneys for Defendant CVS PHARMACY, INC.

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA      ]
                         ]  ss.
COUNTY OF LOS ANGELES ]

      I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On April 29, 2019, I served a true copy of **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446** on the interested parties in Re Ruth Gearing v. CVS Pharmacy, Inc., Court Case No. , Our Matter No. 6541.40693 BWB, by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Elizabeth Nigro, Esq.
Sherrie A. Munson, Esq.
ELIZABETH NIGRO & ASSOCIATES, APC
4 Venture, Suite 320
Irvine, CA 92618
Phone: (949) 453-0530
Fax: (949) 453-0531
Email: liznigro@nigrofamilylaw.com
Attorneys for Plaintiff, RUTH GEARING

      Place of Mailing: <u>LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 865 South Figueroa Street, 32nd Floor, Los Angeles, California 90017-5431</u>
Executed on April 29, 2019 at Los Angeles, California

Please check one of these boxes if service is made by mail:
  **X**   I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
  **X**   I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
PAM DELGADO