| | | | |
|---|---|---|---|
| Case No. | SACV 19-00778 AG (ASx) | Date | July 3, 2019 |
| Title | RUTH GEARING v. GARFIELD BEACH CVS, LLC | | |

| | |
|---|---|
| Present: The Honorable | ANDREW J. GUILFORD |
| Melissa Kunig | Not Present |
| Deputy Clerk | Court Reporter / Recorder    Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 15.)**

Defendant Garfield Beach CVS, LLC ("CVS") removed this personal injury dispute to federal court, asserting diversity jurisdiction. (Notice of Removal, Dkt. No. 1.) Plaintiff Ruth Gearing now moves to remand the case to Orange County Superior Court and to recover attorney's fees. (Motion, Dkt. No. 15.)

This matter is appropriate for resolution without oral argument. Fed. R. Civ. Proc. 78(b). The hearing and scheduling conference on July 8, 2019 and all other pending matters are VACATED. Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**1. BRIEF BACKGROUND**

Plaintiff filed this lawsuit in California state court on March 22, 2019, alleging negligence and premises liability. (Compl., Dkt. No. 4-1.) Plaintiff states that CVS "negligently maintained the automatic doors to the store" and that as a result, the door hit another customer, "causing him to fall back into Plaintiff." (*Id.*, 4.) Plaintiff claims that she then "fell violently onto the ground, striking her right knee and right side, cracking one of her ribs." (*Id.*, 5.)

CVS filed a notice of removal on April 29, 2019, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Gearing resides in California, and CVS is an LLC with a sole member residing in Rhode Island (Removal, 3-4.) The parties don't dispute that Gearing and CVS are diverse. (Mot., 2.) Rather, they dispute whether the amount in controversy exceeds $75,000. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00778 AG (ASx) | Date | July 3, 2019 |
|---|---|---|---|
| Title | RUTH GEARING v. GARFIELD BEACH CVS, LLC | | |

## 2. LEGAL STANDARD

The Constitution provides in Article III, § 2 that "[t]he judicial power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." \Congress has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). "Nothing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted)."To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009)**;** *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Padilla*, 697 F. Supp. 2d at 1158 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

A defendant seeking to remove a case to a federal court need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Ordinarily, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But if the plaintiff does contest that allegation, then the Court must find "*by the preponderance of the evidence*, that the amount in controversy exceeds" the jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (emphasis added). In such cases, "both sides submit proof and the [district] court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 554 (emphasis added). *See also Patel v. Nike Retail Services, Inc.*, 58 F. Supp. 3d 1032, 1038 (N.D. Cal. 2014).

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00778 AG (ASx) | Date | July 3, 2019 |
|---|---|---|---|
| Title | RUTH GEARING v. GARFIELD BEACH CVS, LLC | | |

## 3. AMOUNT IN CONTROVERSY

The Complaint states only that this is an unlimited civil action exceeding $25,000, and it doesn't otherwise specify the amount in controversy. *See* Compl. (Dkt. 17-1) at 1. Plaintiff seeks hospital and medical expenses and other compensatory damages according to proof. (*Id.* ¶ 14.)

First, the Court isn't persuaded by either party's arguments regarding Plaintiff's settlement offer of $75,001. *See* Mot. at 5-6; Opp'n at 3-4. This offer neither proves nor disproves the actual amount in controversy, but rather appears to be the product of cost-conscious litigation strategy. While federal courts in some cases remand actions based on a plaintiff's stipulation to seek no more than $75,000, settlement offers either above or below the threshold do not have the same effect. *See, e.g., Patel*, 58 F. Supp. 3d at 1038.

Here, because Plaintiff contests Defendant's assertions regarding the amount in controversy, Defendant must show "by the preponderance of the evidence" that the amount exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B). In the Notice of Removal, Defendant argues that any allegation of "significant injuries" warrants removal. (Notice, Dkt. 1 at 5.) Defendant cites several cases where courts found, under the circumstances of those cases, that a plaintiff's particular injuries likely exceeded $75,000. (*Id.*) But Defendant doesn't sufficiently engage with the facts of this case or show how Gearing's injuries are comparable to those in other removed cases.

The only case-specific facts Defendant submits regarding the amount in controversy are that Plaintiff (1) claims to suffer from "memory impairment, numbness in an extremity, back pain, joint swelling, knee problems, pain in her legs, lower back pain, and arthritis"; (2) complained of a "violent fall" on Defendant's property, resulting in injuries to her right knee, hip, and rib cage; and (3) seeks to have a $15,000 chair lift installed at her home. (Def. Opp'n (Dkt. 17) at 2-4.)

First Plaintiff hasn't alleged that any of the ailments listed in her declaration at ¶ 4 (memory impairment, *etc.*) relate to this case or stem from Defendant's conduct. In fact, Plaintiff has stated the opposite. *See* Plaintiff's Reply, Dkt. No. 18 at 2. The general health issues disclosed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00778 AG (ASx) | Date | July 3, 2019 |
|---|---|---|---|
| Title | RUTH GEARING v. GARFIELD BEACH CVS, LLC | | |

by Plaintiff in her declaration and in her medical records should not be considered in calculating the amount in controversy.

Defendant also notes injuries that Plaintiff described in a March 2019 doctor's visit, and that she does attribute to her fall. *See* Def. Opp'n, Ex. E (Community Orthopedic Medical Group Records). Oddly, Defendant has produced Plaintiff's medical record without redaction and without any confidentiality marker. In any case, the March 2019 medical note discusses the impact of Plaintiff's fall in fairly gentle terms. It doesn't recommend any surgical interventions, procedures, or hospitalization. Rather, it describes manageable pain and reports that Plaintiff's "knee and hip are feeling much better." (*Id.*) Defendant hasn't offered any other evidence of significant medical expenses or special damages – or even an attorney declaration laying the foundation for the medical records provided – to support a case value of $75,000.

That leaves Plaintiff's statement that she intends to purchase a $15,000 chair lift. (Gearing Decl. ¶ 7.) Even assuming Plaintiff moves forward with this plan, and that Plaintiff requires some follow-up care for her joint pain, Defendant hasn't shown the damages will likely exceed $75,000. Further, Defendant hasn't made any efforts to prove that attorney's fees will make up the difference in value. And other sources of damages that are often present in personal injury cases, such as lost wages and consortium, aren't at issue here.

In short, Defendant has not carried its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court REMANDS this case to Orange County Superior Court.

**4. ATTORNEY'S FEES**

Under 28 U.S.C. § 1447(c), "an order remanding the case [for lack of subject matter jurisdiction] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff argues that Defense Counsel "failed to make a reasonable inquiry as to the amount in controversy" and had no basis to remove the action to federal court. (Mot. at 6.) However, the Court finds that Defense Counsel did make a reasonable inquiry into the amount in controversy, especially given the request by Defense

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00778 AG (ASx) | Date | July 3, 2019 |
|---|---|---|---|
| Title | RUTH GEARING v. GARFIELD BEACH CVS, LLC | | |

Counsel for medical records. *See* Opp'n at 3. The Court thus DENIES Plaintiff's motion for fees and costs.

**5. DISPOSITION**

Plaintiff's motion to remand is GRANTED IN PART, and this action is REMANDED to Orange County Superior Court. As it must jealously guard its jurisdiction, this Court sends this case and its state issues to the state court, as requested by the Plaintiff properly arguing there is no diversity jurisdiction. Plaintiff's request for attorney's fees is DENIED.

|  |  | : | 0 |
|---|---|---|---|
|  | Initials of Preparer | mku | |